UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAFAEL ANGEL HIDALGO
VEGA,

       Plaintiff,

v.                                CASE NO. 6:25-cv-1843-SJH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Attorney's Fees ("Motion"). Doc. 21. For the reasons herein, the Motion is due to be **granted** to the extent stated herein.

Richard A. Culbertson and Sarah P. Jacobs, attorneys for Plaintiff, successfully represented Plaintiff in this appeal of an adverse decision by the Social Security Administration. *See* Docs. 18–19. The case came before this Court and was reversed and remanded. *Id.* In the Motion, counsel requests $3,648.51 in attorney's fees for the representation of Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Doc. 21 at 1–3, 5, 7, 10. Defendant does not object to the amount of attorney's fees requested. *Id.* at 3.

Under EAJA, unless otherwise provided by statute, a court must "award to a prevailing party other than the United States fees and other expenses … incurred by

that party in any civil action … brought by or against the United States … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). EAJA also limits individuals eligible to recover fees to those "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence-four reversal of a denial of benefits and remand, is a "prevailing party." *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). In light of the lack of opposition, the Court will not find that Defendant's position was substantially justified. *See Andersen v. Kijakazi*, No. 8:22-cv-630-AAS, 2023 WL 269567, at *1 (M.D. Fla. Jan. 18, 2023); *Bennett v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1158-MCR, 2021 WL 9772226, at *1 (M.D. Fla. June 29, 2021). Further, there are no special circumstances that make the award unjust. In addition, the Motion represents that Plaintiff's net worth when this proceeding was filed was less than $2 million, Doc. 21 at 2, which is also shown by the affidavit filed by Plaintiff with his application to proceed *in forma pauperis*, Doc. 2; *see also Brown v. Comm'r of Soc. Sec.*, No. 3:19-cv-1096-J-PDB, 2020 WL 3440659, at *1 (M.D. Fla. June 23, 2020). Thus, an award of attorney's fees under EAJA is appropriate.

Regarding the amount to be awarded, EAJA requires that the fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The amount of fees "shall be based upon prevailing market rates for the kind and quality of the services furnished" and "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified

2

attorneys for the proceedings involved, justifies a higher fee." *Id.*

The Motion states that Mr. Culbertson worked 0.9 hours in 2025 at a rate of $258.46 per hour and 0.1 hours in 2026 at a rate of $261.72 per hour, and Ms. Jacobs worked 11.9 hours in 2025 at a rate of $258.46 per hour and 1.2 hours in 2026 at a rate of $261.72 per hour; the Motion in turn seeks fees totaling $3,648.51. Doc. 21 at 2, 7, 11–12. Considering the lack of opposition, the Court finds the hourly rates reasonable, and the cost-of-living adjustment warranted.[1] *See Bennett*, 2021 WL 9772226, at *1. The Court also finds reasonable the number of hours spent by Plaintiff's counsel on the case. Thus, the Court finds that $3,648.51 is a reasonable amount for attorney's fees in this case pursuant to 28 U.S.C. § 2412(d)(2)(A).[2]

Accordingly, it is **ORDERED**:

1.      The Motion (Doc. 21) is **granted** to the extent that the Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,648.51 for attorney's fees under 28 U.S.C. § 2412(d)(2)(A).

---

[1] If the hourly rates were contested, the Court's determination as to the reasonableness of the rates might be different.

[2] The Motion requests payment directly to Plaintiff's counsel. The Court will permit the government in its discretion to honor any assignment from Plaintiff if the government determines that Plaintiff does not owe a federal debt, but the Court will not order the government to do so. *See Nichols v. Comm'r of Soc. Sec.*, No. 8:23-cv-2860-PDB, 2024 WL 3650675, at *2 (M.D. Fla. Aug. 5, 2024); *see also Farid v. Comm'r of Soc. Sec.*, No. 8:23-cv-2225-DNF, 2024 WL 6882613, at *2 (M.D. Fla. Nov. 12, 2024); *Marcum v. Kijakazi*, No. 3:19-cv-959-JRK, 2021 WL 3190545, at *5 (M.D. Fla. July 28, 2021); *Dietz v. Saul*, No. 3:19-cv-95-J-34PDB, 2020 WL 13337796, at *1 (M.D. Fla. Apr. 27, 2020); *Beard v. Comm'r of Soc. Sec.*, No. 6:16-cv-1706-Orl-37KRS, 2017 WL 3387409, at *1 (M.D. Fla. Aug. 7, 2017).

2.      The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees to counsel if the United States Department of Treasury determines that Plaintiff does not owe a debt to the United States Government.

**DONE AND ORDERED** in Jacksonville, Florida, on March 25, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record